IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RIVERTOWN TCI, L.P.** | : | **CIVIL ACTION** |
| *Plaintiff* | : | **NO. 24-2576** |
| v. | : | |
| **OPTYMYZE PTE LTD.**, *et al.*, | : | |
| *Defendants* | : | |

**ORDER**

**AND NOW**, this 14th day of February 2025, upon consideration of Plaintiff Rivertown TCI, L.P.'s ("Plaintiff") *motion for ex parte temporary restraining order and preliminary injunction*, (ECF 4), Plaintiff's *renewed motion for preliminary injunction*, (ECF 127), Defendant Optymyze PTE Ltd.'s ("Defendant Optymyze") response in opposition, (ECF 124), Defendant Mark Stiffler's ("Defendant Stiffler") *motion to vacate TRO, deny preliminary injunction, and strike plaintiff's filings for fraud upon the court and abuse of process*, (ECF 119), and the evidence and argument presented at the February 11, 2025 hearing, it is hereby **ORDERED** for the reasons set forth in the accompanying Memorandum Opinion, that:

1. Plaintiff's *motion for ex parte temporary restraining order and preliminary injunction*, (ECF 4), and Plaintiff's *renewed motion for preliminary injunction*, (ECF 127), are **GRANTED**.

2. Unless later rescinded, Defendants Optymyze PTE Ltd. and Mark Stiffler are **RESTRAINED** and **ENJOINED** from concealing, dissipating, transferring, liquidating, conveying, selling, destroying, or secreting their assets, including any goods, credit and/or effects in their possession or control or in the possession or control of a trustee, agent, financial institution or other third party.

3. Any financial institution, brokerage, depository, escrow agent, trust, entity, or person that holds, controls, or maintains custody of any account or asset owned or controlled, directly or indirectly, by any Defendant, must hold and retain such assets within its control and prohibit

    Defendants from withdrawing, removing, assigning, transferring, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of accounts and/or assets.

4. Defendant Stiffler's *motion to vacate TRO, deny preliminary injunction, and strike plaintiff's filings for fraud upon the court and abuse of process*, (ECF 119), is **DENIED**.[1]

                       **BY THE COURT:**

                       /s/ *Nitza I. Quiñones Alejandro*
                       **NITZA I. QUIÑONES ALEJANDRO**
                       *Judge, United States District Court*

---

[1] In Defendant Stiffler's motion, he advances a variety of arguments. Some of these arguments are addressed in this Court's Memorandum Opinion, or in separate Orders. Defendant Stiffler's argument that Plaintiff and Plaintiff's counsel have "engaged in a pattern of material omissions and fraudulent misrepresentations" is without merit. This Court has thoroughly reviewed the record and does not find evidence that Plaintiff and Plaintiff's counsel have engaged in fraud. Accordingly, Defendant Stiffler's motion is denied.