**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RIVERTOWN TCI, L.P.**, | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | **NO. 24-2576** |
| **v.** | : | |
| | : | |
| **OPTYMYZE PTE LTD.**, *et al.*, | : | |
| *Defendants*. | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                      APRIL 10, 2026

## MEMORANDUM OPINION

**INTRODUCTION**

Plaintiff Rivertown TCI, L.P., ("Plaintiff" or "Rivertown"), commenced this action against Defendant Optymyze PTE Ltd., ("Defendant Optymyze"), and Mark Stiffler,[1] ("Defendant Stiffler"), (collectively, "Defendants"), asserting claims under state law for, *inter alia,* successor liability, and federal claims under the Racketeer Influenced and Corrupt Organizations Act, ("RICO"), 28 U.S.C. §§ 1961 *et seq.* (ECF 20).  During the course of this litigation, Defendant Stiffler has attempted to evade service of the summons and complaint contending that this Court lacks jurisdiction over him, yet he continues to litigate this matter by filing numerous motions.

Before this Court is Plaintiff's motion for sanctions filed against Defendant Stiffler pursuant to Federal Rules of Civil Procedure, ("Rule"), 11, 16(f), and 37; 28 U.S.C. § 1651; and Local Rules of Civil Procedure 5.1.2 and 83.6.1, requesting, *inter alia,* that this Court:

---

[1]       Defendant Stiffler is proceeding *pro se*.  Therefore, his arguments are construed liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A document filed *pro se* is 'to be liberally construed[.]'").  However, "[p]ro se litigants are not entitled to any special handling or exceptions and, therefore, do not have license to abuse the judicial process with impunity." *Frempong-Atuahene v. City of Philadelphia*, 2000 WL 233216, at *3 (E.D. Pa. Feb. 28, 2000), *aff'd in part, modified in part*, 263 F.3d 158 (3d Cir. 2001) (internal citations omitted).

(1)      direct the Clerk of Court to revoke [Defendant] Stiffler's access to the Case Management/Electronic Filing System, ("CM/ECF");

(2)      enjoin [Defendant] Stiffler from making any filings in this case without first seeking leave of court, and any motion seeking leave of court must include a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that: (i) the proposed filing raises a new issue that this Court has not already decided on the merits, (ii) the claim or issue is not frivolous or misleading, and (iii) the filing is not submitted in bad faith or without a legal and factual basis for seeking relief; [and]

(3)      direct the Clerk of Court to refuse to accept any filing from [Defendant] Stiffler that does not meet the criteria laid out in (2)[.]

(ECF 246 at pp. 1-2).

On February 25, 2025, this Court issued an Order directing Defendant Stiffler to show cause by March 11, 2026, why this Court should not grant the motion for sanctions and enter a pre-filing injunction[2] directing the Clerk of Court not to accept future filings from Defendant Stiffler in this matter without prior approval of this Court. (*See* ECF 259). In the Rule to Show Cause Order, this Court found, *inter alia,* that:

> Defendant Stiffler has continually abused the judicial process by repeatedly challenging prior Orders and the Court's jurisdiction over this matter. (*See* ECF 125, 140, 141, 152, 186, 191, 197, 198, 199, 202, 203, 209, 224, 231, 242). For example, over an eight-month period, Defendant Stiffler challenged this Court's subject matter jurisdiction in at least *eight*[3] separate motions. Defendant Stiffler has moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction at least four times, (*see* ECF 125, 140, 191, 224), and, each time, this Court has confirmed that it has jurisdiction, (*see* ECF 134, 176, 193, 226). Defendant Stiffler

---

[2]    The term "pre-filing injunction" refers to an injunction that restricts a party's ability to file anything within an existing case. The standard is the same for an injunction that restricts a party from filing in an existing case and an injunction preventing a party from filing a future case. *See Kamdem-Ouaffo v. Fein Such Kahn & Sheppard, P.C.*, No. 23-2089, 2024 WL 5244699, at \*3 (3d Cir. Dec. 30, 2024) (affirming a filing injunction that restricted a party from filing "letters, motions, or supplemental documents" in an existing case without leave from the court); *Woltz v. Good*, No. 24-3369, 2025 WL 2491126, at \*1 (3d Cir. Feb. 19, 2025), *cert. denied*, 146 S. Ct. 375 (2025) (affirming a filing injunction that restricted a party from "filing any new cases").

[3]    This Court recognizes that Defendant Stiffler's motion to dismiss at ECF 152 specifically addressed Rule 12(b)(2), (4), and (5), but did not address Rule 12(b)(1), *i.e.* a subject matter jurisdiction challenge.

2

has also moved four times to vacate this Court's Orders pursuant to Rule 60(b)(4) as void for, *inter alia*, lack of subject matter jurisdiction, (*see* ECF 141, 186, 197, 231), and this Court has denied those motions, (*see* ECF 182, 187, 200, 241). More so, the United States Court of Appeals for the Third Circuit, (the "Third Circuit"), has affirmed this Court's Orders finding it has subject matter jurisdiction, (*see* ECF 134, 182). *See Rivertown TCI, L.P. v. Optymyze PTE LTD*, No. 25-1487, 25-2528, 2026 WL 74500, at *1 n.1 (3d Cir. Jan. 9, 2026). Under these procedural events, this Court finds that Defendant Stiffler's repetitive motions practice constitutes exigent circumstances sufficient to consider requiring a pre-filing injunction to prevent him from filing additional and similar baseless motions in this matter.

(ECF 259 at p. 2). Defendant Stiffler filed a timely response to the Rule to Show Cause Order. (ECF 262).[4] For the reasons set forth, Plaintiff's motion for sanctions is granted as to Plaintiff's request for a pre-filing injunction and the revocation of Defendant Stiffler's electronic filing rights.[5]

**LEGAL STANDARD**

"The All Writs Act, 28 U.S.C. § 1651(a), . . . enables [a] District Court to issue . . . injunctions to preclude abusive, groundless and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). "A court may impose an injunctive order on a litigant if: (1) the litigant has been continuously abusing the judicial process; (2) the court provides notice and an

---

[4]     Although Defendant Stiffler initially filed his response on March 11, 2026, (ECF 261), the document was uploaded in a way that made it difficult to view. The following day, Defendant Stiffler filed a corrected version without defects. (ECF 262). This Court will consider Defendant Stiffler's second submission in rendering its ruling and will deem it timely filed.

[5]     Plaintiff also requested the following sanctions: ordering Defendant Stiffler to pay a monetary sanction to the Court, to pay attorneys' fees and costs in an amount yet to be determined, and to deposit into escrow $15,451,700.68 from the underlying default judgment; as well as declaring Defendant Stiffler a vexatious litigant. These sanctions are not warranted at this time and are, thus, denied without prejudice. Plaintiff may later move for such sanctions.

Plaintiff also requests that this Court order Defendant Stiffler to: (1) appear at a show-cause hearing; (2) respond in full to all of Rivertown's outstanding discovery requests; and (3) appear in-person for his deposition. The deadline for discovery has not yet passed. (*See* ECF 245) (setting April 17, 2026 as the deadline for fact discovery). There is no record evidence that Plaintiff has yet moved to compel production pursuant to Rule 37(a). *See* Fed. R. Civ. P. 37(a). Therefore, these requests are denied, as premature.

opportunity to respond; and (3) the scope of the injunction is 'narrowly tailored to fit the particular circumstances of the case before the District Court.'" *Shaikh v. State of N.J.-Dep't of Banking*, No. 25-2445, 2026 WL 172963, at *2 (3d Cir. Jan. 22, 2026) (quoting *Brow*, 994 F.2d at 1038).

**DISCUSSION**

In its motion for sanctions, Plaintiff argues that the request for a pre-filing injunction should be granted "because of [Defendant] Stiffler's continuous abuse of the judicial process by filing meritless and repetitive motions and other submissions continue[] to waste the time and resources of this Court and of Rivertown." (ECF 246 at p. 26). To demonstrate Defendant Stiffler's abuse of the judicial process, Plaintiff identifies at least sixty motions and/or submissions where Defendant Stiffler has attempted to relitigate arguments that have been addressed and rejected by this Court, including, for example, whether this Court has subject matter jurisdiction over this case. (*Id.* at pp. 20-21). Plaintiff contends, *inter alia*, that without a pre-filing injunction, the litigation cannot move forward because Defendant Stiffler will continue this vexatious behavior. (*Id.* at p. 25).

In his response, Defendant Stiffler argues that a pre-filing injunction should not be issued because: (1) this Court only identified a small fraction of Defendant's filings to demonstrate vexatious litigation in its Rule to Show Cause Order; (2) the filings identified by the Court were not "duplicative, frivolous, or in violation of any rule[;]" (3) this Court lacks Article III subject matter jurisdiction; and (4) Plaintiff is at fault for the prolonged proceedings in this case. (*See* ECF 262 at pp. 1-2). This Court is unpersuaded by each of his arguments.

### *Defendant Stiffler's Vexatious Filing Practice*

Defendant Stiffler contends that this Court's decision to identify only fifteen of his filings for the purposes of its Rule to Show Cause Order demonstrates that the remainder of his filings

4

were not vexatious or frivolous.  Defendant Stiffler is clearly mistaken.  This Court identified fifteen motions, (*see* ECF 125, 140, 141, 152, 186, 191, 197, 198, 199, 202, 203, 209, 224, 231, 242), simply as representative snapshot of Defendant Stiffler's many filings and to show his serial filing and abuse of the judicial system *to challenge its jurisdiction and prior Orders*.  Since November 2024, Defendant Stiffler has filed ***over thirty motions***, (*see* ECF 82, 105, 111, 119, 121, 125, 140, 141, 146, 148, 152, 167, 168, 169, 170, 186, 191, 192, 197, 198, 199, 202, 203, 209, 224, 231, 233, 242, 257, 260, 263, 266, 268, 270, 271), many of which make the same or similar arguments; and notably, six of which were filed *after* this Court's February 25, 2026 Rule to Show Cause Order, (*see* ECF 260, 263, 266, 268, 270, 271).  This Court has expended considerable time and resources addressing each of Defendant Stiffler's motions filed before the issuance of the Rule to Show Cause Order, consistently finding each lacking merit.  (*See* ECF 133, 134, 135, 137, 138, 139, 176, 177, 178, 179, 180, 181, 182, 183, 187, 193, 194, 200, 222, 226, 241, 244).  Instead of mounting a defense and raising issues of merit before this Court, Defendant Stiffler has chosen this vexatious filing practice *in lieu* of addressing Orders directed to him (*see* ECF 222), and/or to confer with opposing counsel as required by Rule 26(f), (*see* ECF 229).

***Defendant Stiffler's Duplicative and Frivolous Motions***

Defendant Stiffler also argues that each of the fifteen motions identified by this Court addressed unique issues and, thus, were not duplicative or frivolous.  (ECF 262 at p. 3).  He further contends that Rules 12(h)(3) and 60(b)(4) allowed him to file successive motions challenging subject matter jurisdiction and void judgments.  (*Id.*)  Finally, Defendant Stiffler argues that this Court has failed to address his argument that Plaintiff lacks Article III standing.  (*Id.*).  Defendant Stiffler's arguments are unpersuasive.

The exemplary fifteen motions identified by this Court are motions wherein Defendant Stiffler challenged this Court's jurisdiction and prior Orders. (*See* ECF 125, 140, 141, 152, 186, 191, 197, 198, 199, 202, 203, 209, 224, 231, 242).[6]  Though Defendant Stiffler argues that "[n]o

---

[6]    Defendant Stiffler's motions are as follows:

1.    Defendant Mark Stiffler's Motion to Dismiss with Prejudice under 12(b)(1) and 12(b)(6), (February 5, 2025, ECF 125);

2.    Defendant Mark Stiffler's Motion to Dismiss with Prejudice the Amended Complaint under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction, (February 28, 2025, ECF 140);

3.    Mark Stiffler's Motion to Vacate Preliminary Injunction and the Court's Memorandum of Opinion as *Void Ab Initio* under Rule 60(b)(4) for Lack of Subject Matter Jurisdiction, (March 3, 2025, ECF 141);

4.    Mark Stiffler's Motion to Dismiss Pursuant to Rule 12(b)(2), 12(b)(4), and 12(b)(5), (March 17, 2025, ECF 152);

5.    Mark Stiffler's Motion to Vacate the First Three Orders of July 2, 2025, (ECF 176, 177, and 178), as *Void Ab Initio* under Rule 60(b)(4), (July 9, 2025, ECF 186);

6.    Mark Stiffler's Motion to Dismiss the Amended Complaint with Prejudice for Lack of Subject-Matter Jurisdiction, (July 16, 2025, ECF 191);

7.    Defendant Stiffler's Motion to Vacate Orders as *Void Ab Initio* under Rule 60(b)(4) – Lack of Subject Matter Jurisdiction, (July 30, 2025, ECF 197);

8.    Defendant Stiffler's Motion to Vacate Orders as *Void Ab Initio* under Rule 60(b)(4) – Lack of Subject Matter Jurisdiction, (July 30, 2025, ECF 198);

9.    Mark Stiffler's Omnibus Motion for Indicative Ruling under Rule 62.1(a)(3) and Conditional Vacatur under Rule 60(b)(4), (July 31, 2025, ECF 199);

10.    Motion to Vacate Order ECF 185 as Void Pursuant to FRCP 60(b)(4), with Request for Indicative Ruling under FRCP 62.1, (July 31, 2025, ECF 202);

11.    Motion to Strike Plaintiff's Request for Entry of Default, (ECF 195), and for Indicative Ruling under Rule 62.1, (August 1, 2025, ECF 203);

12.    Motion for Stay of All Proceedings Pending Appeal, (August 1, 2025, ECF 209);

13.    Mark Stiffler's Motion to Dismiss the Amended Complaint with Prejudice for Lack of Subject-Matter Jurisdiction, (September 8, 2025, ECF 224);

two filings are identical in legal vehicle, target order, or procedural posture," (ECF 262 at p. 3), he is mistaken. Defendant Stiffler's current argument is yet another attempt to reiterate the arguments he has previously made, which this Court has thoroughly considered, addressed, and rejected.

Nevertheless, this Court will indulge Defendant Stiffler and will briefly re-address his arguments. In his first two motions to dismiss filed on February 2, 2025 and February 28, 2025, pursuant to Rule 12(b)(1), Defendant Stiffler argued that this Court lacked subject matter jurisdiction because Plaintiff had failed to establish diversity jurisdiction. (ECF 125-2 at pp. 2-3; 140-1 at pp. 5-7). Whether the Court has or does not have diversity jurisdiction over this action is irrelevant since the Court maintains its subject matter jurisdiction pursuant to federal question jurisdiction. Undisputedly, Plaintiff's complaint is brought under the RICO statute, which gives this Court jurisdiction under 28 U.S.C. § 1331. When denying the two motions to dismiss, this Court made it clear that Plaintiff's amended complaint had established federal question jurisdiction — the basis for this Court's subject matter jurisdiction. (ECF 134 at p. 2; 181 at p. 2).[7]

---

14.    Mark Stiffler's Rule 60(b)(4) Motion to Vacate ECF 222 and ECF 229 as *Void Ab Initio*; or, in the alternative, Request for an Indicative Ruling under Rule 62.1(a)(3) and Limited Remand Under FRAP 12.1, (October 10, 2025, ECF 231);

15.    Motion to Correct Clerical Omission under Rule 60(a) regarding Order ECF 241, (December 26, 2025, ECF 242).

[7]    Defendant Stiffler argues that the United States Court of Appeals for the Third Circuit, (the "Third Circuit"), never affirmed this Court's Order finding that it had subject matter jurisdiction in this case. (ECF 262 at p. 4). This is patently false. In a January 9, 2026 Opinion, the Third Circuit held the following:

> We also can review those Orders denying the motions to dismiss for subject-matter jurisdiction that are challenged in the appeal from the grant of preliminary injunctive relief . . . Upon review, we conclude that the District Court *properly denied those motions*. Rivertown presented non-frivolous allegations that Stiffler and Optymyze violated a federal statute. Counts II and III of the complaint, alleging violations of 18 U.S.C. §§ 1962(c) & 1962(d), respectively, can *serve as valid bases for federal-question jurisdiction* in this case.

By Order dated July 2, 2025, this Court warned Defendant Stiffler that continuing to file motions "[r]epeatedly advancing arguments that this Court has considered and rejected may 'cause unnecessary delay,' 'needlessly increase the cost of litigation,' or be construed as frivolous." (ECF 181 at p. 3). Notwithstanding the July 2, 2025 Order, in his third motion to dismiss filed on July 16, 2025, Defendant Stiffler argued that Plaintiff failed to prove either diversity jurisdiction, federal question jurisdiction, or supplemental jurisdiction.[8] (ECF 191-1 at p. 3-4). On July 17, 2025, this Court summarily denied the motion on the basis that subject matter jurisdiction had been previously determined. (ECF 193). While generally only one motion to dismiss is filed, absent an amended complaint, in his *fourth* motion to dismiss, Defendant Stiffler raised a lack of Article III standing, along with a lack of diversity and federal question jurisdiction, as grounds to dismiss for lack of subject matter jurisdiction. (ECF 224 at pp. 1-2). On September 26, 2025, this Court summarily denied Defendant Stiffler's motion. (ECF 226). These four motions to dismiss are yet a small example of Defendant Stiffler's pattern of filing motions with duplicative and frivolous arguments that were addressed and rejected by this Court.

Defendant Stiffler argues that Rule 12(h)(3) allows him to file duplicative Rule 12(b)(1) motions to dismiss. (ECF 262 at p. 3). He is, at best, misguided. Generally, Rule 12 governs the

---

*Rivertown TCI, L.P.*, 2026 WL 74500, at *1 n.1 (emphasis added).

[8]     In his third motion to dismiss, Defendant Stiffler argued that he was raising for the first time "[s]ubstantive Article III defects under the *RJR Nabisco* framework[.]" (ECF 191-1 at p. 5) (citing *RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325 (2016)). Defendant Stiffler is misguided. In *RJR Nabisco*, the Supreme Court considered RICO's extraterritorial application and held that, *inter alia*, "a civil RICO plaintiff is [required] to allege and prove a domestic injury to business or property and does not allow recovery for foreign injuries." *Id.* at 354. Accordingly, the holding relates to statutory standing, rather than Article III standing. "[C]ivil RICO standing is usually viewed as a 12(b)(6) question of stating an actionable claim, rather than as a 12(b)(1) question of subject matter jurisdiction." *Humphrey v. GlaxoSmithKline PLC*, 905 F.3d 694, 701 (3d Cir. 2018) (quoting *Anderson v. Ayling*, 396 F.3d 265 (2005)). As such, Defendant Stiffler did not properly raise Article III standing in the third motion to dismiss.

practice of motions to dismiss.  Fed. R. Civ. P. 12.  Rule 12(g)(2), also known as the "consolidation rule,"[9] prevents a party from filing successive Rule 12 motions.   Fed. R. Civ. P. 12(g)(2) Specifically, Rule 12 (g)(2) provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P 12(h)(3); *see also Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015) (finding that Rule 12(h)(3) "exempts only motions to dismiss for lack of subject-matter jurisdiction" from the consolidation rule).   Therefore, a party that files a motion pursuant to Rules 12(b)(2) through (6) is not precluded from subsequently filing a motion to dismiss pursuant to Rule 12(b)(1).  But that is it, the Rule does not allow, as Defendant Stiffler believes, the continuous filings of motion to dismiss.

While "[a] party may challenge a federal court's subject matter jurisdiction at any time[,]" *Boyle v. United States*, 2022 WL 3229320, at *2 (E.D. Pa. Aug. 10, 2022) (citing Fed. R. Civ. P. 12(b)(1), (h)(3)), a court "has the inherent power to protect itself from . . . oppressive and frivolous litigation[,]" *Tilbury v. Aames Home Loan*, 2005 WL 3477558, at *11 (D.N.J. Dec. 12, 2005) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).  This Court has previously considered and has found Plaintiff's challenges to its subject matter jurisdiction frivolous when raised on the grounds of a lack of diversity, federal question, or supplemental jurisdiction.  Defendant Stiffler's

---

[9]    Rule 12(g)(2) "is intended 'to eliminate unnecessary delay at the pleading stage' by encouraging 'the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense' simultaneously rather than 'interposing these defenses and objections in piecemeal fashion.'" *Leyse*, 804 F.3d at 320 (quoting Charles Alan Wright & Arthur R. Miller, 5C Fed. Prac. & Proc. Civ. § 1384 (3d ed. 2014)).

Article III standing argument raised in his fourth motion to dismiss was also summarily denied. Notwithstanding, this Court addresses Article III standing below.

### Article III Standing

Article III of the Constitution limits federal judicial power to the resolution of "Cases" and "Controversies." U.S. Const. art. III, § 2; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish standing, a plaintiff must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defens. of Wildlife*, 504 U.S. 555, 560 (1992)).

"A concrete injury must be de facto; that is, it must actually exist." *Id.* at 340 (internal quotation marks omitted). The term "concrete" is meant to convey that the injury is "real" and not "abstract." *Id.* A concrete injury includes tangible harms, such as physical and monetary harms, and intangible harms, such as reputational harms, disclosure of private information, and intrusion upon seclusion. *TransUnion*, 594 U.S. at 425. When determining whether an intangible injury is sufficiently concrete to constitute an injury in fact, "it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo*, 578 U.S. at 340-41.

For its RICO claims, Plaintiff avers, *inter alia*, that it has "sustained significant damages in terms of unpaid rent, business interruption, attorneys' fees, and litigation costs." (Am. Compl., ECF 20, at ¶ 90). Plaintiff connects this injury to a pattern of racketeering, including numerous

10

predicate acts committed by Defendants.  In particular, Plaintiff alleges numerous acts of mail and wire fraud intended to conceal assets from creditors to avoid liability for planned or actual breaches of contract. (*Id.* at ¶¶ 88-89).  These acts included various wire transfers of funds between various onshore and offshore bank accounts for the purpose of avoiding creditors.  (*Id.*).  Plaintiff's allegations demonstrate a concrete injury caused by Defendants.  *Spokeo*, 578 U.S. at 338.

For its state law claims, Plaintiff alleges that various companies controlled by Defendant Stiffler have refused to satisfy a $9,048,865.75 *state-court judgment* that is owed to Plaintiff.  (*Id.* at ¶¶ 80-91; 102-125).  Plaintiff alleges that, to avoid having to pay the judgment, Defendant Stiffler dissipated the assets of his various companies, ("Judgment Defendants"), by directing funds to be transferred from various United States bank accounts to Defendant Optymyze in Singapore, leaving the Judgment Defendants "still operational but insolvent on paper."  (*Id.* at ¶¶ 53-63).  In a February 14, 2025 Memorandum Opinion, this Court granted Plaintiff a preliminary injunction, finding that Plaintiff would suffer actual and imminent irreparable harm from the dissipation of assets that would prevent the satisfaction of the state-court judgment.  (ECF 133 at pp. 12-14).  Plaintiff's inability to recoup the funds it is owed pursuant to its state court judgment against Defendants is a concrete injury that can be directly linked to Defendant Stiffler's dissipation of his assets following the issuance of that judgment.

Given that Plaintiff alleges concrete injuries caused by Defendants' and particularly Defendant Stiffler's actions, and those injuries can be redressed through monetary damages and injunctive relief, Plaintiff demonstrates proper Article III standing.

### *Plaintiff's Responsibility for Numerous Filings*

Finally, Defendant Stiffler contends that Plaintiff is at fault for his numerous filings because it "engaged in a pattern of fabricating appellate holdings[,]" which required Defendant

11

Stiffler "to respond with corrective briefing." (ECF 262 at p. 9). Motions practice in the Eastern District of Pennsylvania is governed by the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure, ("Local Rule"). Specifically, Local Rule 7.1(c) clearly describes the procedure for contesting motions. L. Civ. R. 7.1(c). If Defendant Stiffler has any contentions with the statements in Plaintiff's motions, he is permitted to raise those issues in his responses to those motions. As such, this Court will not permit Defendant Stiffler to shift blame onto another party for his continuously abusive behavior.

**CONCLUSION**

For the reasons set forth, Plaintiff's motion for sanctions is granted. In granting this motion, this Court finds that Defendant Stiffler's "abusive, groundless and vexatious litigation" warrants the imposition of a pre-filing injunction. *Brow*, 994 F.2d at 1038. Accordingly, Defendant Stiffler is restricted in this matter from making any future filings without first seeking leave of the Court. Any motion seeking leave from this Court must include a declaration prepared pursuant to 28 U.S.C. § 1746, or a sworn affidavit certifying that: (i) the proposed filing raises a new issue that this Court has not already decided on the merits, (ii) the claim or issue is not frivolous or misleading, and (iii) the filing is not submitted in bad faith or without a legal and factual basis for seeking relief. This injunction is "narrowly tailored to fit the particular circumstances" of this case. *Id*. This Court also revokes Defendant Stiffler's Electronic Case Filing System privileges.[10] An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.

---

[10] "A judge may revoke an unrepresented party's permission to file electronically at any time or in light of excessive filings, either in number or length." L. Civ. R. 5.1.2(3)(b).